infer that because someone was a bad guy once, he is likely to be a bad guy again. On the other hand, it recognizes that the prejudicial impact of prior criminal conduct offered only to show conforming conduct outweighs its probative value.[10] Although it may well be that courts should indulge the accused when the defendant seeks to offer prior crimes evidence of a third person for an issue pertinent to the defense other than propensity,[11] in the case of evidence offered purely for propensity, Congress has resolved the balance in favor of exclusion. Therefore no matter which policy predominates, relevance or prejudice, neither Rule 404(b) nor its underlying purpose would be served by permitting McCourt to present prior misconduct of a third party to show propensity.

We conclude that Rule 404(b) applies to third persons and that the district court did not err in excluding McCourt's use of third party misconduct to show that that person acted in conformity with a criminal disposition such that he was more probably the guilty party than defendant.[12]

### IV

■ McCourt argues that because there was no direct evidence connecting him to the crime charged other than handwriting identification, the evidence is insufficient to sustain his conviction. However, in addition to handwriting analysis there was evidence that the false returns were filed on whited-out versions of defendant's old returns; the refund checks were to be sent to defendant's residence; and the false returns were not sent to the local IRS Service Center, but rather to offices with which McCourt had worked during his previous employment by a Congressman and at which he had filed his own returns in previous years. The jury could properly convict on this basis.

AFFIRMED.

Marcia C. BUNNELL,
Plaintiff–Appellee,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellant.

Arthur RICE, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellee.

Nos. 88–4179, 88–4225.

United States Court of Appeals, Ninth Circuit.

Feb. 25, 1991.

---

**10.** In discussing the policies underlying Rule 404(b), Wright and Graham note:

> The basic reason for the inadmissibility of evidence of other crimes, wrongs, or acts is that such evidence is irrelevant to prove the conduct in question. As Wigmore says, it "has long been accepted in our law * * * [t]hat 'the doing of one act is in itself no evidence that the same or a like act was again done by the same person' * * *."
>
> . . . .
>
> Where the proof of other acts is offered to show that the person engaged in the disputed conduct, the weak probative value of the evidence of other crimes, wrongs, or acts is swamped by the counterveiling considerations of fairness and efficiency. Therefore the general rule is, as stated by Rule 404(b), that other acts may not be used to prove the conduct of the actor.

22 C. Wright & K. Graham, *Federal Practice and Procedure: Evidence* § 5239, at 436, 438 (1978) (footnotes omitted).

**11.** *See supra* note 8.

**12.** Nor did the district court's ruling impair McCourt's fundamental right to present a defense. McCourt was permitted to, and did, present evidence from which he could argue and the jury could have inferred that McDonald was the more likely culprit.

Before WALLACE, Chief Judge, BROWNING, HUG, TANG, SCHROEDER, FLETCHER, FARRIS, PREGERSON, ALARCON, POOLE, D.W. NELSON, CANBY, NORRIS, REINHARDT, BEEZER, HALL, WIGGINS, BRUNETTI, KOZINSKI, NOONAN, THOMPSON, O'SCANNLAIN, LEAVY, TROTT, FERNANDEZ, and RYMER, Circuit Judges.

## ORDER

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3.

**Glenda MIERA, et al.,
Plaintiffs–Appellants,**

v.

**FIRST SECURITY BANK OF UTAH, N.A., a Utah Corporation, Defendant–Appellee.**

**Nos. 89–4132 and 89–4144.**

United States Court of Appeals, Tenth Circuit.

Jan. 7, 1991.

Parker M. Nielson (Terrell W. Smith, with him on the brief), Salt Lake City, Utah, for plaintiffs-appellants.

James S. Jardine (Anthony B. Quinn of Ray, Quinney & Nebeker with him on the brief), Salt Lake City, Utah, for defendant-appellee.

Before TACHA and McWILLIAMS, Circuit Judges, and NOTTINGHAM, District Judge.*

* Honorable Edward W. Nottingham, United States District Judge for the District of Colorado, sitting by designation.